**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
Attorneys at Law
1200 SMITH STREET, SUITE 1400
HOUSTON, TEXAS 77002-4496
(713) 658-1818    (800) 342-5829
(713) 658-2553 (FAX)
chwwm@chamberlainlaw.com

C. LARRY CARBO, III
SHAREHOLDER
DIRECT DIAL NO.(713) 356-1712
E-MAIL: larry.carbo@chamberlainlaw.com

HOUSTON
ATLANTA
PHILADELPHIA
SAN ANTONIO

September 2, 2014

**VIA ECF**
Hon. Randolph F. Treece, U.S. Magistrate Judge
U.S. District Court, Northern District of New York
James Hanley Federal Building
P.O. Box 7336
Syracuse, NY 13261-7336

  Re: *Jan P. Holick, et al. v. Cellular Sales of Knoxville, Inc. and Cellular Sales of New York, LLC*; Case No. 1:13-CV-00738 (NAM/RFT)

Dear Judge Treece:

  This letter brief is submitted on behalf of Defendants Cellular Sales of Knoxville, Inc. ("CSOKI") and Cellular Sales of New York, LLC ("CSNY")[1] pursuant to your Order, Docket Entry No. 125, directing the parties to submit briefing on the issue of whether the reclassification of sales representatives working in New York as formal W-2 employees beginning January 1, 2012 is an appropriate topic of discovery in this case.

### Introduction

  In their letter brief, Plaintiffs request to conduct discovery regarding *every* aspect of the reclassification, including Cellular Sales' relationship with sales representatives after the reclassification. However, as explained below, the reclassification of sales representatives beginning January 1, 2012 is not an appropriate topic of discovery. As an initial matter, events occurring after December 31, 2011 are irrelevant to this lawsuit because Plaintiffs have expressly limited their claims to time periods *prior to* January 1, 2012. Moreover, the reclassification of sales representatives to employees is also irrelevant because Plaintiffs have not asserted any claims relating to the reclassification. Rather, all of Plaintiffs' claims are based solely on time periods prior to January 1, 2012, when Plaintiffs and opt-in plaintiffs were not CSNY employees but, rather, were employees of sales companies who contracted with CSNY. Thus, discovery regarding actions and conduct occurring after January 1, 2012 would be inappropriate and would have no bearing on the parties' claims and defenses in this case.

  Notably, Plaintiffs have specifically limited their claims to time periods prior to January 1, 2012 for the sole purpose of attempting to avoid the arbitration provision in CSNY's

---
[1] CSOKI and CSNY are collectively referred to herein as "Cellular Sales."

Hon. Randolph F. Treece, U.S. Magistrate Judge
September 2, 2014
Page 2

Compensation Schedule with Plaintiff Pratt, Plaintiff Burrell, and potential opt-in plaintiffs. (Dkt. 19, ¶¶ 2-8). Indeed, in the separate lawsuit Plaintiff Pratt filed, which the Court dismissed, the Court found that the same arbitration provision is binding and enforceable. *See Pratt v. Cellular Sales of New York, LLC et al.*, No. 1:12-cv-01754 (NAM-RFT) (Dkts. 42 & 43). As such, Plaintiffs should not be permitted to conduct discovery relating to time periods which Plaintiffs specifically excluded from their claims as a part of a clear litigation strategy to avoid the arbitration provision and the effect of the Court's decision in the *Pratt* case.[2]

Furthermore, Plaintiffs fail to offer any legitimate basis for such discovery. Instead, Plaintiffs argue vaguely that the reclassification beginning January 1, 2012 relates to issues of (1) whether Cellular Sales misclassified sales representatives as sales representatives; (2) whether CSNY and CSOKI were joint employers prior to January 1, 2012; and (3) whether Plaintiffs can maintain certification of their FLSA collective action and obtain certification of their claims as a Rule 23 class action.

None of Plaintiffs' arguments have any legal or factual foundation. It is well-settled that the fact that workers were reclassified cannot establish liability for the period prior to the reclassification. Furthermore, for two independent reasons, the reclassification also has no bearing on collective and class certification issues. First, the reclassification is clearly irrelevant to the FLSA collective action because **none of the opt-in plaintiffs were reclassified.** In addition, as courts routinely recognize, reclassification of workers is irrelevant to collective or class certification because reclassification is not a policy or plan that violates the law.

But, even further, evidence regarding the reclassification is also barred under Rule 407 of the Federal Rules of Evidence, which provides that evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct. Plaintiffs fail to, and cannot, explain how discovery of such evidence, which is clearly barred under Rule 407, could possibly be reasonably calculated to lead to admissible evidence.

Accordingly, Cellular Sales respectfully requests the Court find that the reclassification of sales representatives working in New York from independent contractors to formal employees beginning January 1, 2012 is not an appropriate subject of discovery.

---

[2] As explained fully in Cellular Sales' pending motion to compel arbitration, Plaintiffs' attempt to avoid the arbitration clause by limiting their claims to time periods prior to January 1, 2012 must fail because the arbitration provision still applies to, and requires arbitration of, the claims Plaintiff Pratt and Plaintiff Burrell assert in this case, as well as the claims of any potential opt-in plaintiffs who entered into arbitration agreements with CSNY. (Dkts. 27, 54).

## Argument and Authorities

**I.     Applicable Standards Governing Discovery**

Plaintiffs' right to discovery is not unlimited. In all matters relating to discovery, the Court has broad latitude and discretion to determine and limit the scope of discovery. *See, e.g.*, *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

To be discoverable, the information sought must appear "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *V.S. v. Muhammad*, 07-CV-0213(CBA)(JO), 2010 WL 1879321, at *2 (E.D.N.Y. May 10, 2010) (unpublished) (denying discovery where plaintiffs failed to explain why information would be admissible, or could lead to admissible information). While Rule 26 provides for broad discovery, requiring the production of documents when the possibility of relevance is exceedingly remote and has only tangential relevance to the lawsuit exceeds the boundaries of discovery under the Federal Rules. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996). Accordingly, courts routinely disallow discovery requests that amount to nothing more than a "fishing expedition" into actions not related to the parties' alleged claims or defenses. *See Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

Applying these well-established standards for discovery, the Court should find that discovery regarding the reclassification of sales representatives beginning January 1, 2012 is not an appropriate topic of discovery in this case.

**II.    Discovery Regarding the Reclassification is Not Reasonably Calculated to Lead to Admissible Evidence**

As an initial matter, Plaintiffs assert that CSNY's reclassification of sales representatives as formal employees beginning January 1, 2012 is relevant to the issue of whether Cellular Sales previously misclassified sales representatives as independent contractors prior to January 1, 2012 and whether CSOKI and CSNY were "joint employers" of sales representatives prior to January 1, 2012.

Contrary to Plaintiffs' assertions, the reclassification of sales representatives has no bearing on issues of liability in this case. It is well-settled that a company's reclassification of workers is not evidence of misclassification under a prior policy. *See, e.g.*, *Pippins v. KPMG LLP*, 921 F. Supp. 2d 26, 55 (S.D.N.Y. 2012), *aff'd*, No. 13-889-CV, 2014 WL 3583899 (2d Cir. July 22, 2014) ("[I]t is well settled that an employer's reclassification of employees for FLSA purposes is not a materially relevant factor in determining a particular employee's exempt status under a prior policy."). **"[T]he mere fact that an employee was reclassified cannot establish an employer's liability for the period prior to the reclassification."** *Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 CIV. 2400 CM/DCF, 2010 WL 1379778, at *22 (S.D.N.Y. Mar. 26, 2010) (unpublished) (emphasis added) (rejecting plaintiff's contention that his employer's later reclassification of his position as non-exempt was relevant to determining exempt status). *See*

also *Birdsong v. AT & T Corp.*, No. C12-6175 TEH, 2013 WL 1120783, at *4 (N.D. Cal. Mar. 18, 2013) (unpublished) (holding reclassification is not evidence of misclassification before employees were reclassified); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05 Civ. 1969, 2008 WL 348800, at *2 (E.D. La. Feb. 6, 2008) (unpublished) (finding that "evidence of the [defendant's] post-lawsuit compliance with the FLSA is not relevant to determining whether the [defendant] can claim the exemption during the period of time before the lawsuit was filed").

The courts' reasoning in the above cases applies with equal force here. Similar to the above cases, here, Plaintiffs' claims are not even based on the reclassification or any time periods after the reclassification. Instead, Plaintiffs simply contend that they believe the evidence will show sales representatives performed the same duties and were treated the same both before and after the reclassification and that this similar treatment will support their assertion of misclassification. (Dkt. 127). However, this is precisely the type of evidence courts have found to be irrelevant in determining whether an employee had been previously misclassified. *Pippins*, 921 F. Supp. 2d at 55; *Clarke*, 2010 WL 1379778, at *21–22.[3]

But, even further, Plaintiffs also fail to point to any *specific* discovery about the reclassification that they believe could reasonably lead to admissible evidence. Instead, Plaintiffs simply contend that they are entitled to conduct global discovery regarding *every aspect* of sales representatives' employment with CSNY after the reclassification. (Dkt. 127, p. 3). Plaintiffs should not be permitted to conduct speculative and far-reaching discovery regarding issues and time periods that have no bearing on the parties' claims and defenses. Such global discovery on issues that, at most, are only tangentially related to this case, will unnecessarily protract the litigation and unduly burden the defendants.

### III. The Reclassification Has No Bearing on Collective/Class Certification

Plaintiffs next contend that discovery relating to the reclassification of sales representatives beginning January 1, 2012 will support Plaintiffs' opposition to "Cellular Sales' expected decertification motion" to decertify the FLSA collective action and Plaintiffs' "own expected motion to certify their claims under New York law pursuant to F.R.C.P. Rule 23." (Dkt. 127, p. 6). In particular, Plaintiffs contend that evidence of the reclassification will demonstrate commonality or a common policy among the opt-in plaintiffs.

Plaintiffs' assertion that the reclassification shows "commonality" among opt-in plaintiffs clearly misses the mark. As explained below, the reclassification cannot support conditional or class certification because (1) none of the opt-in plaintiffs in the conditionally certified collective action were reclassified as employees and (2) reclassification is not a policy that violates the law, as required for collective or class certification.

As an initial matter, **none of the opt-in plaintiffs in this case were even reclassified.** Cellular Sales only agreed to conditional certification of a collective action consisting of individuals who did not enter into Compensation Schedules with Cellular Sales. (Dkt. 74).

---

[3] As explained further below, evidence regarding the reclassification is also barred under Rule 407 of the Federal Rules of Evidence.

Hon. Randolph F. Treece, U.S. Magistrate Judge
September 2, 2014
Page 5

Cellular Sales contends that all of the potential opt-in plaintiffs who signed Compensation Schedules with Cellular Sales on or after January 1, 2012 upon their acceptance of formal employment with Cellular Sales must submit their claims to arbitration as required by the arbitration clause in the Compensation Schedule. Cellular Sales' motion to compel arbitration of the claims of plaintiffs who were reclassified as employees and signed the Compensation Schedule is currently pending before the Court. (Dkt. 27). Based on the parties' stipulation, and the Court's order on the parties' stipulation, the conditionally-certified collective action consists *only* of those sales representatives who were not reclassified. (Dkts. 83, 85). Thus, the reclassification would not have any bearing on any issue regarding the collective action.

Furthermore, the cases on which Plaintiffs purport to rely for the proposition that reclassification is relevant to class or collective certification are clearly inapposite because, in each of those cases, the potential opt-in plaintiffs *had been reclassified.* (Dkt. 127, pp. 5-6). Those courts found that reclassification in those cases provided some support for conditional certification in so far as it shows that the defendants treated the plaintiffs uniformly or subjected them to a common policy. Unlike in those cases, here, reclassification could not possibly be evidence of uniform treatment and commonality among the opt-in plaintiffs because the opt-in plaintiffs *were never reclassified.*

In any event, Plaintiffs' argument that the reclassification is relevant to class or collective certification also misses the mark because the reclassification is not a policy or plan that violates the law. The relevant inquiry for conditional certification is whether the plaintiffs have made a showing that they and potential opt-in plaintiffs "together were victims of a common policy or plan ***that violated the law***." *Huang v. J & A Entm't Inc.*, No. CV-09-5587 (ARR), 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010) (unpublished) (emphasis added) (quoting *Hoffmann v. Sbarro*, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Accordingly, for this independent reason, reclassification has no bearing on conditional certification issues in this case because reclassifying sales representatives as formal employees is not a policy or plan that violates the law. *Pippins*, 921 F. Supp. 2d at 55; *Clarke*, 2010 WL 1379778, at *21–22. *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir.2009) (class certification not warranted automatically when a group of employees is reclassified); *Mike v. Safeco Ins. Co. of Am.*, 274 F.Supp.2d 216, 221 (D. Conn. 2003) (holding, in denying plaintiff's motion for collective action certification, that "[t]he fact that Safeco decided to reclassify all Claims Representatives, including all Field Claims Representatives, does not provide the necessary common thread" for a collective action).

For these reasons, the Court should reject Plaintiffs' contentions that discovery regarding the reclassification of sales representatives is relevant to class or collective certification.

## IV.     Evidence Regarding the Reclassification is Barred by Rule 407 of the Federal Rules of Evidence

Even further, evidence regarding the reclassification is also barred under Rule 407 of the Federal Rules of Evidence.  Rule 407 provides:

> When, after an event, measures are taken, which if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

FED. R. EVID. 407.

The policy underlying Rule 407 is clear. As the Second Circuit has explained, this Rule "represents a common sense recognition that people are loath to take actions which increase the risk of losing a lawsuit." *Cann v. Ford Motor Co.*, 658 F.2d 54, 60 (2d Cir. 1981). Rule 407 is "prompted by the fear that people will be less likely to take subsequent remedial measures" if evidence of their remedial measures may be used against them in lawsuits. *Id.*

Rule 407 clearly applies to any decisions Cellular Sales made to reclassify sales representatives from independent contractors to formal W-2 employees. As noted above, Plaintiffs are attempting to seek discovery that CSNY reclassified sales representatives as formal employees with no change in job duties to show culpability—*i.e.,* that the sales representatives were previously misclassified. (Dkt. 127, p. 3). Allowing evidence of the reclassification decision to be discovered by Plaintiffs would run contrary to the policy behind Rule 407 of discouraging parties from forgoing remedial measures if evidence of such measures could be used against them. Indeed, it obviously would discourage companies from voluntarily reviewing their previous classification decisions or reclassifying their employees. *See, e.g., Carda v. E.H. Oftedal & Sons, Inc.*, No. 04-5036-KES, 2005 U.S. Dist. LEXIS 26375, at *1 (D. S.D. Mar. 23, 2005) (unpublished) (exclusion of subsequent remedial measures—evidence of defendant's change in record keeping policy after plaintiff filed FLSA suit—"supports the public policy of preventing a party from being punished for making positive changes").

None of Plaintiffs' arguments bring the discovery sought by Plaintiffs outside the realm of Rule 407. First, Plaintiffs contend that Rule 407 does not define what is discoverable. However, this argument misses the point. Even if information barred by Rule 407 could be discovered, Plaintiffs have not explained how discovery of such information is "reasonably calculated to lead to the discovery of *admissible* evidence." FED. R. CIV. P. 26(b)(1) (emphasis added); *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 653 (N.D. Ill. 1994) (denying motion to compel discovery of information barred by Rule 407 because plaintiff failed to show the information is reasonably calculated to lead to the discovery of any other evidence but evidence barred by Rule 407). In other words, Plaintiffs have not shown that discovery of the reclassification is reasonably calculated to lead to evidence not barred by Rule 407.

Plaintiffs' remaining assertions likewise lack merit. Tacitly acknowledging that Rule 407 applies, Plaintiffs argue that discovery regarding the reclassification falls within the "control" exception under Rule 407. Specifically, Plaintiffs contend that Rule 407 does not apply because, to support their argument that sales representatives were misclassified, the information would be

used to show Cellular Sales exercised "control" over sales representatives during the reclassification. (Dkt. 127, p. 8).

Clearly, Plaintiffs' arguments misconstrue the "control" exception to Rule 407. Under certain circumstances, evidence of subsequent repairs may be used for the purpose of proving something *other than culpability*, such as issues of whether the defendant owned or controlled the property at issue. FED. R. EVID. 407; *D'Nelson v. Costco Wholesale Corp.*, 03 CV 219 (CLP), 2007 WL 914311 (E.D.N.Y. Mar. 23, 2007) (unpublished) (citing *Werner v. Upjohn Co., Inc.*, 628 F.2d 848, 857 (4th Cir. 1980)). Indeed, each of the cases cited by Plaintiffs involved instances where the defendant denied ownership *of property*, and subsequent remedial measures made by the defendant *to the property* were used to show that the defendant did in fact either own or control the property at issue. (Dkt. 127, pp. 7-8).

Plaintiffs cannot use the "control" exception as subterfuge to avoid Rule 407. Unlike in the cases on which Plaintiffs rely, in this case, there are no issues or disputes regarding property ownership. In fact, Plaintiffs' contentions bring the discovery sought more directly within the scope of the Rule 407's prohibition, not outside it. The exercise of control over sales representatives is one of the primary factors used by courts to determine whether an independent contractor relationship or an employment relationship exists. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988); *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013). By seeking to use the reclassification as evidence of control to show misclassification, Plaintiffs specifically seek to use the reclassification to prove culpability. (Dkt. 127, p. 3) ("Sales Representatives' uniform reclassification as formal W-2 employees . . . is evidence of CSNY's <u>functional</u> control over Sales Representatives prior to the reclassification and therefore supports plaintiffs' assertion of misclassification."). Plaintiffs' use of the reclassification in this manner is clearly barred by Rule 407. *D'Nelson*, 2007 WL 914311, at *5 ("Where, as here, "there is no relevant issue to be addressed by such evidence other than the issue of fault, then the evidence is properly excluded under the Rule.").

Finally, Plaintiffs argue that, because Rule 407 does not apply to remedial measures that are taken involuntarily, they need discovery to learn whether the reclassification was compelled by a court or an administrative order. Notably, Plaintiffs did not request such discovery during the conference with the Court. In any event, Cellular Sales expressly represents that the reclassification was not compelled by any court or administrative order but, instead, was done voluntarily. Should the Court deem it appropriate, Cellular Sales is more than willing to provide sworn testimony or a sworn affidavit that the reclassification was undertaken on Cellular Sales' own volition and not under compulsion by a court or administrative agency.

In sum, as Plaintiffs' own assertions demonstrate, Plaintiffs seek information regarding the reclassification for the sole purpose to prove culpability. Because such evidence is inadmissible under Rule 407 and is not reasonably calculated to lead to discovery of admissible evidence, Plaintiffs' requests for discovery regarding the reclassification should be denied.

**V.      Discovery Regarding the Reclassification Would Still Be Inappropriate if the Court Denies Cellular Sales' Pending Motion to Compel Arbitration**

Contrary to Plaintiffs' assertions, discovery regarding the reclassification of sales representatives would still be inappropriate if the Court denies the pending motion to compel arbitration. (Dkt. 127, p. 8). Even if the Court denies arbitration, the reclassification of sales representatives beginning January 1, 2012 would still be irrelevant because Plaintiffs' claims pertain only to time periods *prior* to January 1, 2012, and none of Plaintiffs' claims are based on the reclassification or time periods after sales representatives were reclassified. (Dkt. 19, ¶¶ 2-8). Accordingly, the Court should find that the reclassification of sales representatives is not an appropriate topic of discovery in this case.

In any event, there is simply no indication at this juncture that the Court will deny the pending motion to compel arbitration. Indeed, if the Court grants the pending motion to compel arbitration, this lawsuit will not involve *any* sales representatives who were reclassified. Accordingly, the Court should find that the reclassification of sales representatives is not an appropriate topic of discovery in this case.

## Conclusion

For the reasons explained above, the reclassification of sales representatives to formal W-2 employees beginning January 1, 2012, and Cellular Sales' treatment of sales representatives after the reclassification, is not reasonably calculated to lead to the discovery of admissible evidence. Discovery on such topics would needlessly confuse the issues, unduly burden the parties, and protract the litigation. Therefore, Cellular Sales respectfully requests the Court find that the reclassification is not an appropriate topic for exploration through discovery.

Respectfully submitted,

*/s/ Larry Carbo*

C. Larry Carbo, III
(*Admitted Pro Hac Vice*)
**Attorney for Defendants**

Hon. Randolph F. Treece, U.S. Magistrate Judge
September 2, 2014
Page 9

## CERTIFICATE OF SERVICE

     I hereby certify that on September 2, 2014, I electronically filed the foregoing with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

     Daniel A. Jacobs
     Ronald G. Dunn
     Gleason, Dunn Law Firm
     40 Beaver Street
     Albany, NY 12207

1606874_2