**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAN P. HOLICK, JR., *et al.*,

                      Plaintiff,

       - v -                                Civ. No. 1:13-CV-738
                                                            (NAM/RFT)

CELLULAR SALES OF NEW YORK, LLC, and,
CELLULAR SALES OF KNOXVILLE, INC.,

                      Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DISCOVERY ORDER

Plaintiffs' Fair Labor Standard Act (FLSA) case is premised upon the allegations that Defendants systemically and intentionally misclassified them, while serving as Sales Representatives, as independent contractors prior to January 1, 2012; but, thereafter, Defendants reclassified Sales Representatives as employees having performed the same basic duties Plaintiffs performed as "independent contractors." Dkt. No. 19, Am. Compl. at ¶¶ 1-2.

Although there has been limited discovery relative to determining the conditional class, discovery commenced in earnest very recently. Dkt. No. 126, Pretrial Sch. Order, dated July 22, 2014. Just prior to the issuance of the Scheduling Order, discovery disputes abound. By a Discovery Order, dated July 18, 2014, the Court resolved several of those issues while permitting further briefing as to another. Dkt. No. 125. Further briefing was required as to whether inquiries into Defendants'

reclassification of Sales Representatives from independent contractors to wage employees effective January 1, 2012, is an appropriate subject of discovery. Pursuant to the Discovery Order, both parties have filed their respective Letter-Briefs. Dkt. Nos. 127, Pls.' Lt.-Br., dated July 31, 2014, & 128, Defs.' Lt.-Br., dated Sept. 1, 2014.

In support of discovery of this topical matter, Plaintiffs argue that the subject of the reclassification bears materially on several "controverted material issues of fact in this litigation":

> ❗ prior to reclassification, Sales Representatives were employees in that Cellular Sales of New York, LLC (CSNY) evinced control over the manner, means, and results of the Sales Representatives;
> ❗ that CSNY and Cellular Sales of Knoxville, Inc. (CSOKI) were joint employers of the Sales Representatives; and
> ❗ Plaintiff will need to maintain certification of their FLSA action, pursue a Rule 23 class certification of this action, and/or defend against a motion to decertify this collective action.

Dkt. No. 127, Pls.' Lt., dated July 31, 2014.

Plaintiffs submit that inquiries into the reclassification may generate admissible evidence pertinent to those enumerated material issues.

Defendants vigorously contest each argument raised by Plaintiffs. Though specifically objecting to each of Plaintiffs' points of view, Defendants interject the overarching propositions that Plaintiffs consequently limited the scope of the discovery by tactically limiting the time-frame of their claims to periods prior to January 1, 2012, and that "none of the opt-in plaintiffs were reclassified." Defendants

further contend that because the reclassification may be considered a subsequent remedial measure, Federal Rule of Evidence 407 bars the introduction of such evidence to prove negligence or culpable conduct. To the extent that this evidence may be barred, Defendants contend that Plaintiffs cannot demonstrate that such inquiries into the reclassification is reasonably calculated to lead to admissible evidence. Dkt. No. 128, Defs.' Lt.-Br., dated Sept. 2, 2014.

As this Court has observed in the past, "discovery in federal lawsuits is supposed to be significant, flexible, and broad with the court retaining authority to either expand or contract discovery to meet the needs of the particular litigation." *Banner Indus. of N.E., Inc. v. Wicks*, 2013 WL 5722812, at *4 (N.D.N.Y. Oct. 21, 2013. Recognizing that discovery is expansive and liberal, guided by the reasonable needs of the case, when determining the relevance of any particular matter,

> the request for information must be "germane" to the subject matter of the claims, defenses, or counterclaims, though not necessarily limited by such pleadings, and is not controlled by whether it will be admissible at trial. *In re Surety Ass'n,* 388 F.2d at 414 ("[P]arties should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that might conceivably become so."). Relevance to the subject matter "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case[,]" and yet "like all matter of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351–52 (1978) (citations omitted); *accord Maresco v. Evans Chemetics. Div. of W.R. Grace & Co.,* 964 F.2d 106, 114 (2d Cir.1992) (citing *Oppenheimer* ); *Daval Steel Prods., a Div of*

> *Francosteel Corp. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir.1991). However, the demarcation between what information is relevant to the claims and defenses and relevant to the subject matter cannot be defined with precision. Fed. R. Civ. P. 26 Advisory Comm. Notes 2000 Amend. Thus, the court must weigh a host of factors to determine relevancy and reasonableness, including common sense. *See In re Surety Ass'n,* 388 F.2d at 414 (the trial judge has considerable discretion on the issue of relevancy); *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir.2008).

*Id*. at \*4-5.

Both parties have made compelling, albeit competing, legal arguments over the measurement of relevancy as to this FLSA case, though the burden of establishing relevancy rests with Plaintiffs who are seeking the disclosure. The task of calculating as to what may lead to admissible evidence lacks preciseness, and there is no slide rule a court can employ to predict that such an outcome would occur. Therefore, discovery should not rest solely on this precept alone. In some respect, relevancy may be incalculable without an interposition of common sense and looking at a host of other factors.

One factor that looms large as to whether discovery of this subject matter may lead to admissible evidence is the weighty consideration of Federal Rule of Evidence 407 which states that

> when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or--if

disputed proving ownership, control, or the feasibility of precautionary measures.

Rule 407 embraces the universal practice by American courts of excluding evidence of subsequent remedial measure as a admission of fault. WEINSTEIN ON EVIDENCE § 7.04[1] (2013). Since subsequent remedial measures – here, reclassification of a work force[1] – cannot be admitted as evidence to establish a violation of the FLSA, such a codification appears to lend some *gravitas* to Defendants' position that such discovery is thus unwarranted. And yet, "what is admissible does not define what is discoverable." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011). For example, such discovery could produce evidence for another purpose such as impeachment, control, or the feasibility of precautionary measures. FED. R. EVID. 407. The concept of "another purpose" is indeed broad and not constrained by these illustrative examples alone. *See also Farmington Cas. Co. v. 23rd Street Properties Corp.*, 1998 WL 755163, at *1-2 (S.D.N.Y. Oct. 28, 1998) (recognizing the utility of discovery notwithstanding the prospective consequence of preclusion under Rule 407).

When exercising common sense and reviewing other factors, the fulcrum of relevancy tilts in favor of the Plaintiffs. What Plaintiffs may glean during discovery

---

[1] Instruction on this very issue is sparse indeed. A survey of cases pertaining to the subject matter of subsequent remedial measures indicates that this issue is more predominately discussed in terms of negligence and product liability cases than employment discrimination and FLSA cases.

on the reclassification may have sundry impact and importance depending upon the stage of litigation when raised, notwithstanding it may be inadmissible at trial. Disclosure could have a particular bearing on motion practice while yet being excluded from trial. As an illustration, discovery on this matter could yield a legal resolution as to whether CSOKI is a joint employer or, it may have some importance to any application for class certification or even decertification of the conditional class. Similarly, proof learned through discovery could fall within the rubric of feasibility of precautionary measure or yet another purpose not previous expounded upon within case precedents. In the final analysis, the ultimate outcome or impact of discovery can be determined at a later date without waiving any argument of inadmissibility under Rule 407; such argument can be prominently raised by a motion in *limine* before trial. Therefore, Defendants are neither prejudiced nor harmed by engaging in discovery as to the subject of reclassification. All of their objections as to the admissibility of the reclassification are preserved for subsequent debates.

The Court finds that discovery of reclassification is germane to some of the legal issues in dispute in this case and that Rule 407 is not a bar to discovery. Accordingly, Plaintiffs may engage in discovery pertinent to Defendants' reclassification of Sales Representatives working in New York from independent contractor to employees effective January 1, 2012.

**IT IS SO ORDERED**.

September 24, 2014
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge